DISCIPLINARY COUNSEL *v.* RIDENBAUGH.

[Cite as *Disciplinary Counsel v. Ridenbaugh,* **138 Ohio St.3d 1254,**

**2014-Ohio-1097.**]

(No. 2008-2493—Submitted March 12, 2014—Decided March 24, 2014.)

ON PETITION FOR REINSTATEMENT.

_____

{¶ 1}   This cause came on for further consideration upon the filing on August 23, 2012, of a petition for reinstatement by respondent, Aaron Anthony Ridenbaugh, Attorney Registration No. 0076823.  In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline.  The board filed its final report in this court on April 8, 2013, recommending that respondent's petition for reinstatement be denied.  Respondent filed objections to the final report, relator filed an answer, and this matter was considered by the court.

{¶ 2}   Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is granted and that respondent, Aaron Anthony Ridenbaugh, last known address in Bolivar, Ohio, is reinstated to the practice of law in Ohio.

{¶ 3}   It is further ordered by the court that respondent be taxed the costs of these proceedings in the amount of $1,235.46, less the deposit of $500, for a total balance due of $735.46 payable, by cashier's check or money order, by respondent on or before 90 days from the date of this order.  If costs are not paid on or before 90 days from the date of this order, interest at the rate of 10 percent per annum will accrue until costs are paid in full.  It is further ordered that if costs are not paid in full on or before 90 days from the date of this order, the matter may be referred to the attorney general for collection, and respondent may be

found in contempt and suspended until all costs and accrued interest are paid in full.

{¶ 4} It is further ordered, sua sponte, by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

{¶ 5} It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

{¶ 6} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and PFEIFER and O'DONNELL, JJ., would remand the matter to the board for explanation of the board's recommendation to deny the petition for reinstatement.

_____